NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODERIC J. DRESSER,

Plaintiff-Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant-Appellee.

No. 23-3092

D.C. No. 3:23-cv-05083-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted December 4, 2024[**]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Appellant Roderic J. Dresser ("Dresser") appeals the district court's order

upholding the denial of his application for social security benefits. We presume

the parties' familiarity with the facts and discuss them only as necessary for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

context.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order affirming the Administrative Law Judge's ("ALJ") decision to deny benefits.  *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).  We may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation and quotation marks omitted).  "Substantial evidence means more than a scintilla but less than a preponderance" and "is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."  *Id* (citation and quotation marks omitted).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Id.* (citation omitted).

1. The ALJ did not reversibly err in declining to reopen Dresser's 2013 disability determination.  "A decision of the ALJ will not be reversed for errors that are harmless."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  To establish reversible error, Dresser must show both error and prejudice.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).  Assuming without deciding that Dresser established error, he failed to demonstrate how any error in the ALJ's reopening analysis prejudiced him.  Dresser has therefore failed to establish reversible error.  *Id.*

2. We turn to the ALJ's evaluation of medical opinions.  Because the ALJ gave significant weight to each medical opinion Dresser identified except for Dr. Koch's 2013 opinion, we limit our review to this opinion.[1]  An ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" for discrediting a treating or examining doctor's opinion.  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 n.8 (9th Cir. 2014).  We find the ALJ did so here.  Specifically, the ALJ noted that Dr. Koch's opinion was largely based on Dresser's sometimes unreliable self-reports in conjunction with his finding that Dresser was not credible.  This is sufficient to support the ALJ's determination.  *See id*. at 1161–62.

3. We look next to the ALJ's evaluation of Dresser's testimony.  The ALJ was required to give "specific, clear and convincing reasons" for rejecting Dresser's testimony by "identify[ing] what testimony is not credible and what evidence undermines [Dresser's] complaints."  *Id*. at 1163 (internal citations and quotation marks omitted).  The ALJ did so.  For example, the ALJ specifically found that Dresser's testimony that "if he gets overstressed, or has too much information thrown at him, he is unable to comprehend tasks at the time, and he stops functioning mentally," was inconsistent with his prior work history.

---

[1]    Dresser also argues that the ALJ erred in giving significant weight to the opinions of Dr. Andert, Dr. Comrie, and Dr. Haney.  We reject this argument.  The ALJ gave significant weight to these opinions because they were based on reviews of the available medical evidence and were consistent with the medical record.  *See* 20 C.F.R. § 416.927(c)(3).

Substantial evidence supports the ALJ's evaluation of Dresser's testimony because a reasonable fact finder could conclude Dresser's testimony was inconsistent with his prior work experience.

4. Similarly, the ALJ did not err in evaluating lay witness testimony. The ALJ was entitled to give partial weight to Dresser's mother's statements and no weight to statements from the Department of Vocational Rehabilitation ("DVR") so long as he provided reasons germane to them. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164–65 (9th Cir. 2008). Again, the ALJ did just that. For example, the ALJ properly identified Dresser's mother's testimony as inconsistent with the record of Dresser's activities. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ likewise provided germane reasons for rejecting the opinions contained within the DVR report by stating that they were inconsistent with subsequent medical opinions that were supported by examination and testing.

5. Dresser's challenge to the ALJ's residual functional capacity ("RFC") determination also fails because he does not identify how it should have been further limited or why. Dresser argues that the ALJ erred by finding "there were [] full-time competitive jobs [he] could have successfully performed prior to July 2020 on a reasonably continuous basis" because the finding was based on testimony from the vocational expert ("VE") that "was made in response to a

4

hypothetical that did not include all of Dresser's limitations." However, Dresser does not identify which limitations the ALJ's hypothetical supposedly left out or explain how the ALJ's hypothetical did not otherwise adequately account for Dresser's limitations. Accordingly, we find the ALJ adequately accounted for Dresser's limitation in the construction of the RFC and in the hypothetical presented to the VE. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

**AFFIRMED**.